IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JHAMAL DWAYNE CRAWFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOE BIDEN, et al., )<br>)<br>Defendants. ) | Case No. 2:23-cv-428-ECM-CWB |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a *pro se* inmate in custody of the Alabama Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The core allegation is that understaffing and overcrowding have created various institutional safety/security hazards. (*Id*. at p. 3). Plaintiff has named as defendants President Joe Biden, Vice President Kamala Harris, FBI Director Christopher Wray, Governor Kay Ivey, and Commissioner John Q. Hamm. (*Id*. at p. 1).

Because Plaintiff was granted leave to proceed *in forma pauperis* (Doc. 6), and because Plaintiff is seeking relief against a governmental entity and/or an officer or employee of a governmental entity, his claims are subject to threshold screening pursuant to 28 U.S.C. § 1915A.[1] Following its preliminary § 1915A review, the court informed Plaintiff that the Complaint was deficient for several reasons and afforded Plaintiff an opportunity to amend. (Doc. 12). Plaintiff in turn responded by filing two Amended Complaints. (Docs. 13 & 16). As explained below, however, the amended allegations remain deficient to survive threshold dismissal.[2]

---

[1] The screening procedure requires a court to dismiss any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(i)-(ii).

[2] The amendments essentially mirrored the allegations of the original Complaint, except that the October 20, 2023 amendment added state circuit court judge Jacob Walker, III as a defendant.

1

I.     **Discussion**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

The court's September 29, 2023 Order directed Plaintiff to name as defendants those individuals who were personally responsible for the alleged violations of his constitutional rights and to specifically describe how each individual acted to deprive him of constitutional rights. (Doc. 12 at p. 2). Despite such instructions, Plaintiff has failed to allege what acts or omissions were taken by any of the defendants. Rather, Plaintiff has merely continued to assert in highly general terms that the Alabama Department of Corrections engaged in conduct violating his Eighth Amendment rights. Completely absent is any allegation that the individual defendants were involved. (*See* Docs. 1, 13, & 16).

"[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit thus has held that defendants should be dismissed when a prisoner includes no allegations to associate them with any alleged constitutional violation. *See Douglas v. Yates*,

535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff has asserted absolutely no legal or factual basis to name the President, the Vice President, and the FBI Director as defendants to claims for unconstitutional conditions inside institutions operated by the Alabama Department of Corrections. Accordingly, all claims against those defendants are due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(i).

Plaintiff likewise has identified no specific acts or omissions by Governor Ivey or Commissioner Hamm. To the extent Plaintiff might be contending that Government Ivey and Commissioner Hamm are responsible for the conduct of subordinate officials or employees, it is settled that supervisory personnel cannot be held vicariously liable under § 1983. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation"); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978). To establish a sufficient causal connection without direct participation, a plaintiff must present sufficient evidence of either "a history of widespread abuse [that] put[] [the defendant] on notice of the need to correct the alleged deprivation," or "a … custom or policy [that] result[ed] in deliberate indifference to constitutional rights, or ... facts [that] support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted). Because Plaintiff has failed to allege that either Governor Ivey or Commissioner Hamm was personally involved in the alleged constitutional violations or that a sufficient causal connection exists between

3

their actions and the alleged constitutional violations, all claims against Government Ivey and Commissioner Hamm are due to be dismissed pursuant to 28 U.S.C. § 1915A(i).

Finally, any claims Plaintiff seeks to assert against Judge Walker are due to be dismissed for the same reason. Not only that, claims against Judge Walker additionally would be subject to dismissal under 28 U.S.C. § 1915A(ii) on the basis of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991) (explaining that immunity is absolute when actions are taken in a judicial capacity over which jurisdiction is present); *see also Steven v. Osuna,* 877 F. 3d 1293, 1309 (11th Cir. 2017) (citing *Bolin v. Story*, 225 F. 3d 1234, 1240, 1241 (11th Cir. 2000)).

## II. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice prior to service of process.

It is **ORDERED** that any objections to this Recommendation must be filed by **November 22, 2023**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection has been made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations, and the court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

**DONE** this the 8th day of November 2023.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**