IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JHAMAL DWAYNE CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:23-cv-428-ECM |
| | ) | [WO] |
| JOE BIDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Jhamal Dwayne Crawford brought this 42 U.S.C. § 1983 action *pro se* against Defendants President Joe Biden, Vice President Kamala Harris, FBI Director Christopher Wray, Governor Kay Ivey ("Ivey"), and Commissioner John Q. Hamm ("Hamm"), asserting that understaffing and overcrowding in the Alabama Department of Corrections have created various institutional safety and security hazards. On November 8, 2023, the Magistrate Judge entered a Recommendation (doc. 17) that this action be dismissed without prejudice prior to service of process. The Plaintiff filed objections to the Recommendation. (Doc. 18). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections.  To the extent the Plaintiff makes conclusory objections, these objections are reviewed for clear error and are due to be overruled.

In his objections, the Plaintiff contends that Ivey and Hamm have made public statements that they are working on "decrowding" Alabama's prisons and hiring more staff to help make conditions safer. (Doc. 18 at 1).  However, the Plaintiff does not allege these facts in the operative complaint, and a complaint may not be amended by objections to a Recommendation. *Cf. Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1148 n.9 (M.D. Ala. 2005) ("A complaint may not be amended by briefs in opposition to a motion to dismiss or motion for summary judgment which, in effect, is what [the plaintiff] has attempted to

do."), *aff'd*, 182 F. App'x 946 (11th Cir. 2006).[1]  Even if these factual allegations were properly before the Court, they are insufficient to alter the Magistrate Judge's conclusion that the operative complaint fails to state a plausible claim against Ivey and Hamm because the Plaintiff proffers insufficient allegations of deliberate indifference. *See Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (per curiam) (explaining that deliberate indifference requires, among other things, establishing that the official "responded to the known risk in an unreasonable manner, in that he or she 'knew of ways to reduce the harm' but knowingly or recklessly declined to act" (citation omitted)).  Thus, the Plaintiff's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1.  The Plaintiff's objections (doc. 18) are OVERRULED;

2.  The Recommendation of the Magistrate Judge (doc. 17) is ADOPTED;

3.  This case is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1)–(2);

A separate Final Judgment will be entered.

DONE this 14th day of February, 2024.

                                          /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] While the Court acknowledges that *Fleming* is nonbinding, the Court finds its analysis persuasive.